IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL OWUSU-AFRIYIE, | : | No. 1:25cv1281 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| CALFUND LLC, | : | |
| Defendant | : | |

## ORDER

Before the court is the Report and Recommendation ("R&R") of Magistrate Martin C. Carlson. (Doc. 16).  The R&R recommends that the court grant Plaintiff Samuel Owusu-Afriyie's motion for default judgment and remand the matter to Magistrate Judge Carlson for the limited purpose of determining the appropriate measure of damages and affording Defendant Calfund LLC ("Calfund") an opportunity to contest Owusu-Afriyie's calculation of damages. (Id. at 5).

By way of brief background, Owusu-Afriyie commenced this action *pro se* by filing a complaint on July 14, 2025, followed by an amended complaint on October 3, 2025. (Docs. 1,7).  The court granted Owusu-Afriyie's motion to proceed in *forma pauperis*. (Docs. 2, 5).  This action arises from an automobile loan transaction.  According to the amended complaint, Owusu-Afriyie entered into a loan agreement with defendant to finance the purchase of a truck. (Doc. 7, Am. Compl. ¶ 5).  Owusu-Afriyie alleges that he has made payments totaling

approximately $22,000. (Id. ¶ 6).  Owusu-Afriyie alleges that Calfund breached the parties' agreement and committed fraud by, among other things, failing to provide him with the title to the vehicle. (Doc. 7).

Following the filing of the amended complaint, the Clerk of Court issued a summons, and Owuso-Afriyie subsequently filed proof of service reflecting that Calfund was served on January 30, 2026. (Docs. 9, 10).  Despite being properly served, Calfund has never entered an appearance nor responded to the amended complaint.

Thereafter, on March 30, 2026, Owusu-Afriyie moved for entry of a default judgment. (Doc. 13).  On April 15, 2026, Magistrate Judge Carlson entered an order directing Calfund to show cause, on or before April 30, 3026, why default judgment should not be entered against it. (Doc. 15).  The order also directed the Clerk of Court to mail a copy of the show order to Calfund at its address of record. (Id.)

Calfund failed to respond to either the amended complaint or the show cause order.  The R&R thus recommends that plaintiff's motion for default judgment be granted and that the matter be remanded for further proceedings to determine damages.

Calfund did not file objections to the R&R, and the time for doing so has expired.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Having carefully reviewed the record, the court finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations.  Accordingly, the court will adopt the R&R in its entirety.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 16), is **ADOPTED** in its entirety;

2) Plaintiff's motion for default judgment, (Doc. 13), is **GRANTED**;

3) Default judgment is **ENTERED** in favor of Owusu-Afriyie and against Calfund; and

4) This matter is **REMANDED** to Magistrate Judge Carlson for the purpose of assessing the appropriate measure of damages and affording Calfund an opportunity to contest Owusu-Afriyie's calculation of damages.

Date: _7/16/26_

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court