**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMUEL OWUSU-AFRIYIE,** | : | **CIV NO. 1:25-CV-1281** |
| | : | |
| **Plaintiff,** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **CALFUND, LLC.,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**[1]

**I. Factual Background**

We are now called upon to write the first draft of the final chapter in this litigation and address a motion to liquidate a default judgment previously entered against the defendant in this lawsuit, following that defendant's failures to respond to this complaint in a meaningful fashion or otherwise litigate this case.

By way of background, this is a *pro se* lawsuit brought by Samuel Owusu-Afriyie, against Calfund, LLC., arising out of an automobile loan transaction. In his

[1] We are addressing this motion through a Report and Recommendation because we are mindful that, absent the consent of all parties, a magistrate judge may only issue a recommendation that a default judgment be entered. See Banco Popular de Puerto Rico v. Bloice, No. CV 2007-75, 2014 WL 12744794, at *1–2 (D.V.I. Aug. 5, 2014); Abraham v. Stine, 2007 WL 3124714 at *2 (D.V.I. Sept. 27, 2007) (vacating default judgment ordered by magistrate judge) (citing Callier v. Gray, 167 F.3d 977, 981 (3d Cir. 1999)).

amended complaint, the operative pleading in this case, the plaintiff alleges that Calfund breached its contract with Owusu-Afriyie and defrauded him by, *inter alia*, failing to provide him with the title to this vehicle. Owusu-Afriyie's complaint also brought claims of fraud and unjust enrichment against Calfund. (Doc. 7).

With respect to these claims, the plaintiff alleges that, in October of 2024, he entered into a loan agreement with Calfund to purchase a truck. The plaintiff made loan payments totaling approximately $22,000. Owusu-Afriyie later had a dispute with Calfund regarding the terms and disclosures required under this contract. Pursuant to the terms of the agreement, the plaintiff sought to arbitrate this dispute, but he alleges that Calfund breached the agreement by refusing to participate in this arbitration.

Subsequently, the truck that was the subject of this loan was totaled in an accident, and the vehicle's insurer made a substantial payment on an insurance claim. Although Calfund had allegedly breached the agreement by the time of the accident by refusing to arbitrate contractual disputes, the defendant asserted its rights under the agreement as first lienholder to retain the bulk of these insurance settlement proceeds.

The plaintiff initially filed a complaint on July 14, 2025, (Doc. 1), and then moved to amend that complaint. (Docs. 6, 7). We were assigned to the case on

January 13, 2026, and on January 20, 2026, granted the plaintiff's motion to amend. (Doc. 8). A summons was then provided to Owusu-Afriyie, (Doc. 9), who then filed a return of service indicating that the defendant was served on January 30, 2026. (Doc. 10).

Calfund never appeared or responded to this complaint. After the time for a response passed, on March 30, 2026, the plaintiff moved for entry of a default judgment against Calfund. (Doc. 13). On April 15, 2026, we then entered an order which stated in clear and precise terms as follows:

> AND NOW, this 15th day of April 2026, the plaintiff having filed a motion for entry of default judgment (Doc. 13) and the defendant having failed to respond to this motion or the complaint filed in this case IT IS ORDERED that on or before **April 30, 3026** the defendant show cause why default judgment should not be entered in this case. IT IS FURTHER ORDERED that the clerk mail a copy of this order to the defendant at:
>
> Calfund LLC
> 1633 Westwood Blvd.
> Los Angeles, CA 90024

(Doc. 15).

Despite this explicit instruction, Calfund did not respond to the plaintiff's complaint or this Court's order. Accordingly, on May 1, 2026, we filed a Report and Recommendation which recommended in light of these multiple defaults that a default judgment be entered against the defendant. (Doc. 16). This Report and

Recommendation was mailed to Calfund but was ignored by the defendant, which never lodged any objection to the entry of a default judgment. Accordingly, on July 16, 2026, the district court adopted this Report and Recommendation, entered a default judgment in favor of the plaintiff, and remanded this case back to us for the purpose of liquidating this judgment. (Docs. 17, 18).

Following this remand, on July 17, 2026, we entered an order prescribing the process for liquidating this default judgment, stating that:

> Accordingly, in order to liquidate this default IT IS ORDERED AS FOLLOWS:
>
> 1. On or before **August 7, 2026**, the plaintiff shall file a motion to liquidate default, along with a brief and any affidavit or exhibits that are necessary to a fully informed judgment by the court and will serve a copy of this motion upon the defendant.
>
> 2. If the defendant wishes to contest the amount of damages sought by the plaintiff the defendant mut file a response in opposition to the motion and accompanying brief on or before **August 21, 2026**. The clerk IS DIRECTED to mail a copy of this order to the defendant at the following address:
>
> Calfund LLC
> 1633 Westwood Blvd.
> Los Angeles, CA

(Doc. 18).

The plaintiff has complied with this order by filing a motion to liquidate this default judgment and brief, along with proof of service of these pleadings upon

Calfund. (Docs. 19-21). Once again, Calfund has chosen to ignore these proceedings and has declined to respond in any way to this motion, and the time for responding has passed. Therefore, this motion is now ripe for resolution.

For the reasons set forth below, it is recommended that the court enter a default judgment in favor of the plaintiff in the amount of $21,850.12.

## II. Discussion

We have previously determined that the entry of judgment in favor of the plaintiff is appropriate, given the defendant's ongoing defaults in this litigation. Nothing has transpired since the entry of this default which would alter this determination. However, "[w]hen a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded. Rather, defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought." Rainey v. Diamond State Port Corp., 354 F. App'x 722, 724 (3d Cir. 2009) (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005)). In performing this task:

> The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. Fed. R. Civ. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims

> Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 89 L.Ed. 3 (1944). IBEW Local Union No. 102 v. Dane Const. Co., LLC, No. 08B907, 2009 WL 872018, at *2 (D.N.J. Mar. 30, 2009).

Malik v. Hannah, 661 F. Supp. 2d 485, 493 (D.N.J. 2009). As part of this process, "the defaulting party is entitled to be heard on the amount of damages." Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc., 270 F.R.D. 161, 164-65 (D. Del. 2010) (citing 5 James Wm. Moore et al., Moore's Federal Practice § 55.32[1][c], [f]).

Here we have provided the defendant an opportunity to be heard on the amount of damages, but the defendant has elected to forego this opportunity. Therefore, we will assess the plaintiff's right to recover damages based upon the information that is presently before us.

In his motion to liquidate default, Owusu-Afriyie requests up to $150,000 in damages to compensate him for his breach of contract, fraud and unjust enrichment claims, but the bulk of these claimed damages are largely unsupported. Instead, the plaintiff identifies two specific, identifiable losses which he alleges he suffered as a result of his dealings with Calfund. First, according to Owusu-Afriyie, he made installment payments totaling $21,425.84 under this installment loan agreement, which he claims Calfund later breached by failing to arbitrate some contractual

disputes. In addition, the plaintiff avers that Calfund improperly retained some $21,850.12 in insurance proceeds after his truck was totaled in an accident.

Upon consideration, we find that there is insufficient evidence presented to us to support a breach of contract claim which would entitle the plaintiff to recover the $21,425.84 in installment payments which he made under the loan agreement. The plaintiff cites to no provision of the agreement which would allow this particular recovery and, in the absence of some agreed upon right to rescission of these installment payments, this claim for contractual damages fails.

However, we believe that Owusu-Afriyie has provided legal and factual support for an unjust enrichment claim that would enable him to recover the $21,850.12 in insurance proceeds retained by Calfund after it allegedly breached the contract by refusing to engage in arbitration. On this score, "[t]he following elements are necessary for a plaintiff to state a claim for unjust enrichment: '(1) benefits conferred on one party by another; (2) appreciation of such benefits by the recipient; and (3) acceptance and retention of these benefits in such circumstances that it would be inequitable for the recipient to retain the benefits without payment of value.'" Liberty Mut. Ins. Co. v. Gemma, 301 F. Supp. 3d 523, 541 (W.D. Pa. 2018).

Owusu-Afriyie's complaint and motion to liquidate this default judgment plausibly state an unjust enrichment claim relating to the retention of these insurance benefits. At the outset, by entering into an agreement with Calfund which gave the

defendant a favored lien position on his truck, Owusu-Afriyie conferred a benefit to the defendant. Second, when Calfund asserted its first lien position to retain $21,850.12 in insurance benefits after it is alleged that it refused to arbitrate contractual disputes with the plaintiff Calfund appreciated these benefits. Finally, it is unfair and inequitable for Calfund to take advantage of these contractual benefits at a time when the defendant had breached the agreement by refusing to engage in arbitration as called for by the contract. This inequity is then compounded by Calfund's strategy of ignoring this lawsuit, the plaintiff's claims, and this Court's orders over the past ten months.

We recognize that "defaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought." Rainey v. Diamond State Port Corp., 354 F. App'x 722, 724 (3d Cir. 2009). In this case, Calfund's defaults constitute admissions that it retained these insurance proceeds after it breached its contract with Owusu-Afriyie by refusing to participate in arbitration. The defendant's defaults are admissions to these facts, establishing grounds for an unjust enrichment claim in the amount of these retained insurance proceeds, $21,850.12.

Accordingly, it is recommended that the district court grant this motion to liquidate, (Doc. 19), and award $21.850.12 damages in this case.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion to liquidate, (Doc. 19), be GRANTED in part and judgment be entered in favor of the plaintiff in the amount of $21,850.12.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of October 2026.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge